**United States District Court**
**District of Massachusetts**

```
                                    )
Cognex Corporation,                 )
                                    )
          Plaintiff,                )
                                    )
     v.                             )    Civil Action No.
                                    )    22-10051-NMG
Air Hydro Power, LLC,               )
                                    )
          Defendant.                )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from a contract dispute between Cognex Corporation ("Cognex" or "plaintiff") and Air Hydro Power, LLC ("Air Hydro" or "defendant"). In its amended complaint, Cognex seeks declaratory judgment with respect to its obligations under the agreement (Count I) and damages for Air Hydro's alleged breach of a forum-selection clause (Count II) and the covenant of good faith and fair dealing (Count III). Pending before the Court is defendant's motion to dismiss the amended complaint (Docket No. 30). For the following reasons, the motion will be allowed, in part, and denied, in part.

## I.  **Background**

In December, 2021, Air Hydro sued Cognex in Florida state court for alleged breaches of a then-operative contract ("the Agreement") between the parties ("the Florida Action"). Cognex

- 1 -

brought this litigation in January, 2022, in the District of
Massachusetts, initially seeking only declaratory judgment.  Air
Hydro did not serve its complaint in the Florida Action until
several days after Cognex filed and served its complaint in
Massachusetts.

A Air Hydro moved to dismiss this action in February, 2022,
and, in response, Cognex filed an amended complaint on March 11,
2022.  The amended complaint reiterated plaintiff's claim for
declaratory judgment and added new claims for breach of contract
and breach of the covenant of good faith and fair dealing
(Docket No. 28).  Air Hydro timely moved to dismiss the amended
complaint.

A principle argument relied upon by Air Hydro in support of
its motion to dismiss was that this Court should abstain from
exercising jurisdiction because of Air Hydro's "first-filed"
complaint in Florida state court.  By the time that Cognex
responded to that motion, it averred that the Florida Action had
been dismissed.  Air Hydro sought leave, and was allowed, to
file a reply brief in which it contended that the Florida Action
had been dismissed without prejudice and that it had already
submitted an amended complaint to remedy the original
deficiencies.

Shortly thereafter, in October, 2022, the parties filed a
stipulation reporting that the Florida Action had been dismissed

with prejudice.  Air Hydro withdrew its motion to dismiss this action insofar as it relied on abstention or the "[ongoing] existence of the Florida Action."  The Court therefore takes judicial notice of the outcome of the Florida Action and considers the pending motion to dismiss in light of the parties' joint stipulation.

II.   **Motion to Dismiss**

A. **Legal Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  For instance, a court may consider documents of

undisputed authenticity, official public records, documents central to a plaintiff's claim and documents that were sufficiently referred to in the complaint. Watterson, 987 F.2d at 3.

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

**B.   Subject Matter Jurisdiction**

**1.   Plaintiff's Claim for Declaratory Judgment**

The Declaratory Judgment Act provides that

> [i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of the appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).

The United States Supreme Court has explained that the phrase "a case of actual controversy" is akin to the "Cases" and "Controversies" justiciable under Article III. See MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  The Court in MedImmune emphasized three criteria for the inquiry into whether a party has stated a claim warranting the issuance of

declaratory relief.  There must be: 1) "a substantial controversy," 2) "between parties having adverse legal interests," 3) "of sufficient immediacy and reality". Id. (quoting Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

Cognex contends there is an actual controversy between the parties with respect to whether it was entitled to terminate its contract with Air Hydro in late 2021.  Although such termination occurred in the past, Cognex submits there is still an ongoing legal dispute between the parties over a contractual relationship worth millions of dollars (i.e. substantial) which has already resulted in the Florida Action (i.e. sufficiently immediate and real).

For its part, Air Hydro focuses on the retrospective posture of Cognex's claim for declaratory judgment.  Indeed, Cognex seeks a declaration that its decision not to renew the Agreement with Air Hydro was lawful and "did not breach the terms" of the parties' contract.  Although Cognex cites Gardner v. Larkin, 2019 WL 5964751, at *6 (D.R.I. Nov. 13, 2019), for the proposition that issues of contract formation, interpretation and termination are "proper subjects for declaratory relief[,]" the circumstances in Gardner are not analogous to the circumstances here.

The Gardner Court recognized that declaratory relief is meant to resolve a party's contract rights and liabilities before it incurs costs and risks based upon its interpretation of the contract. Id.  Cognex does not seek such a resolution of uncertainty associated with prospective actions here.  It is undisputed that Cognex terminated the contract at issue long ago and, at that time, incurred the risk that it might be found liable for breach.

In considering the issue presented, the Court is cognizant of the fact that federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995); see also 28 U.S.C. § 2201(a) (a court "may" declare the rights of a party seeking declaratory relief).  The exercise of jurisdiction over claims for declaratory relief may yield to "considerations of practicality and wise judicial administration." Wilton, 515 U.S. at 288; see also Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995) (explaining that courts "must determine when declaratory judgments are appropriate and when they are not").

Even assuming the declaratory relief sought by Cognex is germane to an actual controversy, the Court concludes that it would be ill-advised to exercise its discretion to adjudicate the dispute.  Awarding declaratory relief with respect to

- 6 -

actions already taken "runs counter to the purposes underlying the [Declaratory Judgment Act]." Alpine Grp., Inc. v. Johnson, 2002 U.S. Dist. LEXIS 16, at *11-12 (S.D.N.Y. Jan. 2, 2002).  In the case at bar, a declaration that Cognex had the right to terminate the Agreement would allow it to use the Declaratory Judgment Act as a preemptive defense against a purported claim for breach of contract arising from its own prior conduct. See, e.g., Del. State Univ. Student Hous. Found. v. Ambling Mgmt. Co., 556 F. Supp. 2d 367, 373-75 (D. Del. 2008) (holding that declaratory judgment with respect to a past contract termination was unwarranted because any breach of contract had already occurred and any damages had already accrued).

### 2.  Plaintiff's Claims with Respect to the Agreement

#### a.  Injury in Fact

Cognex contends that it was injured as a result of the suit filed by Air Hydro in the wrong forum in violation of a mandatory contractual provision.  Air Hydro responds that Cognex does not have standing to pursue its claims for breach of contract and breach of the covenant of good faith and fair dealing because being sued in the wrong forum does not constitute an injury in fact. See, e.g., Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016) ("[A] plaintiff must show that he or she suffered an invasion of a legally protected interest[.]").

Cognex has not, however, alleged that it suffered an injury as a result of being sued in an inconvenient or improper forum in the abstract.  Forum selection clauses are presumptively valid in Massachusetts. See Boland v. George S. May Int'l Co., 81 Mass. App. Ct. 817, 820, 969 N.E.2d 166, 170 (Mass App. Ct. 2012) (explaining that forum selection clauses are to be enforced unless they are "unfair or unreasonable").  The violation of a valid contractual right is an invasion of a legally protected interest and thus Cognex has adequately pled that it suffered an injury in fact when Air Hydro filed the Florida Action. See, e.g., Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012).

### b.  Recoverable Damages and Diversity Jurisdiction

According to defendant, this Court does not have diversity jurisdiction over plaintiff's contract claims in any event because Cognex is unable to establish that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.  Air Hydro explains that Cognex is seeking attorneys' fees and costs associated with defending the Florida Action and contends those expenses do not entitle it to recover damages for breach of contract.  Cognex disagrees and submits that it is entitled to such damages under basic tenets of Massachusetts contract law.

The question of whether a party is entitled to recover as damages the expenses it incurred while defending an action filed in contravention of a forum selection clause is novel.  Although both parties proffer some support for their respective positions, neither refers to a precedential decision that addresses the issue squarely.

Air Hydro presents two arguments in support of its conclusion that Cognex cannot recover damages for the alleged breach of contract: 1) the "American Rule" which typically precludes the award of attorneys' fees to the prevailing party and 2) that damages cannot be recovered if the "traditional remedies" for breach of a forum selection clause, i.e. dismissal and/or transfer of an improperly filed case, are available.  For the reasons that follow, the Court concludes that Cognex may seek to recover expenses it incurred while defending the Florida Action and thus the amount in controversy requirement for diversity jurisdiction is satisfied.

### i.  The American Rule

Air Hydro first directs the Court's attention to the "American Rule" and cites City of Revere v. Bos./Logan Airport Assocs., LLC., 443 F. Supp. 2d 121 (D. Mass. 2006), as an instructive application of the rule.  The American Rule prescribes that "litigants are responsible for their own attorney fees" regardless of which party prevails.  BTZ, Inc. v.

- 9 -

<u>Great N. Nekoosa Corp.</u>, 47 F.3d 463, 465 (1st Cir. 1995) (citation omitted).  It does not apply where the award of such fees is permitted by statute, provided by contract or recognized as compensable damages. <u>See</u> <u>Revere</u>, 443 F. Supp. 2d at 127 (citing <u>Fuss</u> v. <u>Fuss</u>, 372 Mass. 64, 368 N.E.2d 271 (Mass. 1977)).

In <u>Revere</u>, the counterclaimant sought its attorneys' fees in that action as damages.  The Court considered the argument that

> attorney's fees should be treated as compensable contract damages on the ground that the breach of the [agreement] was functionally equivalent to a breach of a covenant not to sue.

<u>Id.</u>  The Court found there was no such covenant nor its functional equivalent in the contract and emphasized the adherence of Massachusetts courts to the American Rule. <u>Id.</u> Because the counterclaimant was unable to demonstrate that its attorneys' fees should be viewed as direct damages arising out of a contractual provision, the Court dismissed its claim. <u>Id.</u> at 127-28.

The application of the American Rule in <u>Revere</u> is well-founded but not pertinent here.  Cognex is seeking its attorneys' fees which arose out of the Florida Action rather than any fees incident to the case at bar.  Moreover, Cognex does not premise its claim on the fact that it prevailed in the

Florida Action.  To the contrary, its amended complaint was
filed before the Florida Action was decided and seeks the
subject fees and costs as damages for Air Hydro's alleged breach
of the forum selection clause.  Although Air Hydro contends that
this distinction makes no difference, the Court begs to differ.

For example, in MPVF Lexington Partners, LLC v. W/P/V/C,
LLC, 148 F. Supp. 3d 1169 (D. Colo. 2015), the district court
found that a damages remedy was available to a plaintiff which
had incurred attorneys' fees as the defendant in an (improper)
state court proceeding.  The plaintiff in Lexington Partners did
not succeed in dismissing the state court case. Id. at 1181
("the court in the Kentucky Action denied Plaintiffs' motion to
dismiss that case based on the Forum Selection Clause").
Nevertheless, the District of Colorado recognized that the forum
selection clause had been breached and held that damages were
available "under the circumstances". Id. at 1183.

As Lexington Partners illustrates, it is entirely possible
to distinguish the outcome of a case filed in the allegedly
incorrect forum from a party's claim that a forum selection
clause was breached.  Although Cognex eventually obtained
dismissal of the Florida Action, its breach of contract claim in
this Court turns on the forum selection clause itself.

Furthermore, unlike in Revere, Air Hydro is alleged to have
breached a specific contractual provision by filing suit in

Florida.  The attorneys' fees and costs Cognex allegedly incurred in the Florida Action are the direct and primary result of that breach and Cognex could not have avoided them once Air Hydro initiated litigation in the purportedly improper forum. See Chestnut Hill Dev. Corp. v. Otis Elevator Co., 739 F. Supp. 692, 701 (D. Mass. 1990) (explaining that direct or general damages arise "naturally according to the usual course of things, from [the] breach of contract itself") (cleaned up) (quoting Boylston Housing Corp. v. O'Toole, 321 Mass. 538, 74 N.E.2d 288 (Mass. 1947)).

The expressed concern of defendant that recognition of certain attorneys' fees as recoverable here would undermine the American Rule in other breach of contract cases is misplaced. In the typical breach of contract case, attorneys' fees and costs are incidental to the litigation and therefore do not constitute compensatory damages. See, e.g., Vianet Grp. PLC v. Tap Acquisition, Inc., 2016 WL 4368302, at *7 (N.D. Tex. Aug. 16, 2016) (distinguishing between legal fees owed as compensation for an underlying harm and legal fees related to the prosecution or defense of a claim).

### ii.  Availability of Traditional Remedies for Breach of a Forum Selection Clause

Air Hydro insists that even if damages are sometimes appropriate for the breach of a forum selection clause, they

should only be recoverable when the "traditional remedies" of
dismissal or transfer are unavailable.  Air Hydro cites
Lexington Partners, which described its analysis as an inquiry
into

> whether a damages remedy is available to a party whose
> forum selection clause has been breached and who
> cannot obtain any of the traditional remedies for such
> a breach.

Lexington Partners, 148 F. Supp. 3d at 1182 (emphasis
added).  The Lexington Partners Court characterized
dismissal and transfer as "essentially a form of specific
performance" and suggested that damages would be available
only if such "specific performance" was impossible. Id. at
1183; see also Texas Ed Tech Solutions, LLC v. Authentica
Solutions, LLC, 2021 WL 1222296, at *3 (N.D. Ga. Apr. 1,
2021) (holding that transfer of the case was "specific
performance of the forum selection provision" that
precluded a subsequent claim for breach of contract).

       If this Court were to follow that reasoning, it would take
judicial notice of the fact that the Florida Action has been
dismissed and find damages unavailable to Cognex.  The Court
does not, however, find the analogy to specific performance apt.
The breach of a contract provision which requires or proscribes
certain conduct is not negated by cessation of the offending
conduct if it has already caused loss to the non-breaching

party.  In the pending case, the dismissal of the Florida Action was not specific performance of the Agreement because Air Hydro had already committed the alleged breach and caused Cognex to incur attorneys' fees and costs in the resulting proceedings.

The Court therefore finds that if Cognex prevails, it would be entitled under Massachusetts contract law to recover damages sufficient to restore it to the position it would have been in had Air Hydro performed its obligations under the Agreement. See, e.g., Situation Mgmt. Sys., Inc. v. Malouf, Inc., 430 Mass. 875, 880, 724 N.E.2d 699, 704 (Mass. 2000) (describing the "usual rule" that the non-breaching party "should be put in the position they would have been in had the contract been performed").

### C.  Failure to State a Claim

Finally, the Court considers defendant's assertion that plaintiff has failed to state a claim for breach of contract or breach of the covenant of good faith and fair dealing.  With respect to the breach of contract claim, Air Hydro contends, among other things, that the Agreement contains a caveat to the forum selection clause allowing it to initiate suit in any court of competent jurisdiction.  Thus, Air Hydro concludes that Cognex has failed plausibly to allege that it breached the Agreement by filing the Florida Action.

The interpretation of a contract is ordinarily a question of law. Weiss v. DHL Express, Inc., 718 F.3d 39, 44 (1st Cir. 2013).  A contract is interpreted in view of its plain terms and in order to give effect to each of its provisions. Id. at 45. The Court must read the terms of a contract "in the context of the entire contract rather than in isolation." Brigade Leveraged Cap. Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 368, 374, 995 N.E.2d 64, 69 (Mass. 2013) (citation omitted).  In the event of an ambiguity, the Court may consider certain extrinsic evidence. Id.  Ambiguity does not arise in each situation where the parties dispute the proper interpretation of a contract but instead arises where reasonably intelligent persons would disagree about the interpretation of terms which are "susceptible of more than one meaning". S. Union Co. v. Dep't of Pub. Utils., 458 Mass. 812, 820, 941 N.E.2d 633, 640 (Mass. 2011) (citation omitted).

The plain terms of the Agreement and plaintiff's allegations with respect to those terms are sufficient to survive defendant's motion to dismiss.  The forum selection clause requires that

> [a]ny claim, suit or proceeding brought by either
> party regarding the interpretation, breach or
> enforcement of the Agreement or the relationship of
> the parties shall be exclusively filed in and heard by
> any court with jurisdiction to hear such disputes in
> Boston, Massachusetts.

Thus, the forum selection clause expressly requires any contract claim related to the Agreement to be brought in Massachusetts.  Moreover, the caveat provides that

> [n]otwithstanding the foregoing, because the unauthorized use, transfer or dissemination of Products or any Software or other Cognex Technology, or any Confidential Information, may irreparably harm a party, either party may, without limiting its other rights and remedies, seek equitable relief, including but not limited to injunctive relief in any court of competent jurisdiction.

Air Hydro contends that the Court should interpret the latter portion of this provision as permitting either party to initiate suit in any court as long as the suit includes a request for equitable relief.  That extremely broad construction ignores the limited set of circumstances described in the subject provision and would essentially nullify the forum selection clause.  The Court will therefore deny defendant's motion to dismiss plaintiff's breach of contract claim.

Dismissal of Cognex's claim for breach of the covenant of good faith and fair dealing would also be unwarranted.  In order to state such a claim, a plaintiff must allege a lack of good faith on behalf of the defendant which "can be inferred from the totality of the circumstances." T.W. Nickerson, Inc. v. Fleet Nat. Bank, 456 Mass. 562, 570, 924 N.E.2d 696, 704 (Mass. 2010). The plain text of the forum selection clause and the attenuated connection between the parties' contractual relationship and the

state courts of Florida create a reasonable inference that Air
Hydro initiated the Florida Action intentionally to deny Cognex
the benefits of its bargain.  To the extent defendant suggests
plaintiff failed to make a necessary "showing of bad faith",
that suggestion is mistaken. <u>See</u> <u>id.</u> ("[T]here is no requirement
that bad faith be shown[.]").

### ORDER

For the foregoing reasons, the motion of defendant, Air
Hydro Power, LLC, to dismiss (Docket No. 30) is, as to Count I,
**ALLOWED**, but as to Counts II and III, **DENIED**.

**So ordered.**


       /s/ Nathaniel M. Gorton   
Nathaniel M. Gorton
United States District Judge

Dated:  January 9, 2023

- 17 -